UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BLESSING WEMIMO ADEBAYO,

                           Plaintiff,

        v.

UNITED STATES DEPARTMENT OF STATE;
U.S. CONSULATE IN LAGOS, NIGERIA;
ANTONY BLINKEN; and WILL STEVENS,

                           Defendants.

**MEMORANDUM AND ORDER**
24-cv-2523 (LDH)

---

LaShann DeArcy Hall, United States District Judge:

      Blessing Wemimo Adebayo ("Plaintiff") brings this action against the United States Department of State (the "DOS"), the Consulate of the United State in Lagos, Nigeria (the "Consulate"), Secretary of State Antony Blinken, and Consul General of the Nigerian Consulate Will Stevens (collectively, "Defendants"), pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 USC § 1361. Plaintiff alleges that Defendants unlawfully withheld and unreasonably delayed agency action on his children's I-130 visa petitions in violation of the APA and his Fifth Amendment right to due process. Plaintiff seeks a writ of mandamus compelling Defendants to adjudicate the pending visa applications. Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

1

# BACKGROUND[1]

Plaintiff Blessing Adebayo, a United States citizen, filed I-130 visa petitions on behalf of his three minor children, O.El.A., O.F.A., and O.Em.A., who currently reside in Nigeria, on September 14, 2020. (Compl. ¶¶ 2, 13, ECF No. 1.) The United States Citizenship and Immigration Services ("USCIS") approved the visa petitions on February 18, 2021. (*Id*. ¶ 15.) According to DOS records, on February 22, 2021, the DOS National Visa Center ("NVC") received notice from USCIS that Plaintiff's petitions were approved and opened case files for each petition. (*Id*. ¶ 16; Decl. of Rebecca Austin ("Austin Decl.") ¶¶ 5–6, ECF No. 19-1.)[2] On October 17, 2022, pursuant to a request from USCIS, NVC returned all three petitions to USCIS. (Austin Decl. ¶¶ 9–10.) On May 7, 2024, USCIS reaffirmed Plaintiff's petitions and returned them to the NVC. (*Id*. ¶ 11.) On June 4, 2024, the NVC determined that Plaintiff's case files

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of deciding the instant motion.

[2] In rendering its decision on the motion to dismiss, the Court has considered facts asserted in the Declaration of Rebecca Austin, Assistant Director of the National Visa Center (the "Austin Declaration"), which was attached to Defendant's motion to dismiss. (Decl. of Rebecca Austin ("Austin Decl."), ECF No. 19-1.) Specifically, the Court considers facts asserted in the Austin Declaration describing the clerical processing of visa applications by the NVC and reporting the result of searches in the electronic Consular Consolidated Database ("CCD"), the Pre-IVO Technology ("PIVOT") system, and the Immigrant Visa Information System ("IVIS"). On a motion to dismiss, the Court "may consider documents that 'are attached to the complaint,' 'incorporated in it by reference,' 'integral' to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)). "District [c]ourts may take judicial notice of facts 'not subject to reasonable dispute' when they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Kravitz v. Tavlarios*, No. 20-CV-2579, 2021 WL 5365582, at *3 (2d Cir. Nov. 18, 2021) (quoting Fed. R. Evid. 201(b)(2)). In deciding a Rule 12(b)(6) motion, a court may also "take judicial notice of documents in the public record, which includes records and reports of administrative bodies." *Zhuo v. Mayorkas*, No. 23-CV-5416, 2024 WL 4309232, at *1 n.1 (E.D.N.Y. Sept. 26, 2024) (citing *Volpe v. Nassau Cty.*, 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013)); *see also Duan v. U.S. Citizenship & Immigr. Servs.*, No. 22-CV-01538, 2023 WL 4687078, at *2 (E.D.N.Y. July 22, 2023) (taking judicial notice of the facts that USCIS adjudicates asylum applications on a last-in-first-out basis and that USCIS makes available a process through which asylum seekers can request to expedite their applications). Other courts have considered a declaration by Rebecca Austin in similar immigration cases. *See Haider v. U.S. Dep't of Homeland Sec.*, No. 20-CV-3808, 2021 WL 5630794, at *1 n.2 (D.D.C. Dec. 1, 2021); *Darwish v. Pompeo*, No. 18-CV-1370, 2020 WL 7049436, at *5 n.6 (W.D.N.Y. Aug. 19, 2020), *report and recommendation adopted,* No. 18-CV-1370, 2020 WL 5987844 (W.D.N.Y. Oct. 9, 2020).

were documentarily complete and put them in the queue to be scheduled for immigrant visa interviews at the Consulate in Lagos. (*Id*. ¶¶ 13–14.) The date that a case is determined to be documentarily complete "determine[s] the order in which cases are scheduled for appointments in the event demand exceeds processing capacity." (*Id*. ¶ 2.) As of August 23, 2024, there were 5,120 cases ahead of Plaintiff's in this queue. (*Id*. ¶ 14.) The Consulate has not held Plaintiff's children's visa interviews yet, nor has a final decision been issued on Plaintiff's petitions. (Compl. ¶ 17.)

Plaintiff seeks mandamus relief and brings two causes of action, alleging (1) that Defendants violated the APA by unlawfully withholding and unreasonably delaying adjudication of Plaintiff's visa petitions and (2) that the delay also violated Plaintiff's Fifth Amendment right to due process. (*Id*. ¶¶ 19–31.)

## DISCUSSION

### I.  Subject Matter Jurisdiction over Mandamus Act Claim[3]

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject matter jurisdiction exists. *Id*. "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[].'" *Tiraco v. N.Y. State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex*

---

[3] The question of whether the three requirements for a writ of mandamus present a jurisdictional or merits inquiry remains an open question in this circuit. *See City of New York v. United States Postal Serv.*, 519 F. Supp. 3d 111, 127 n.9 (E.D.N.Y. 2021) ("It is not always clear whether a failure to satisfy the elements of a mandamus claim under § 1361 warrants dismissal for lack of jurisdiction or for failure to state a claim."). Because Defendants move to dismiss Plaintiff's Mandamus Act claim pursuant to Rule 12(b)(1), the Court will treat the mandamus requirements as elements necessary to establish subject matter jurisdiction.

3

*rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

"[M]andamus is an extraordinary remedy, intended to aid only those parties to whom an official or agency owes 'a clear nondiscretionary duty.'" *Escaler v. USCIS*, 582 F.3d 288, 292 (2d Cir. 2009) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). The "exercise of the power of mandamus is a matter committed to the sound discretion of the [trial] court." *Pesantez v. Johnson*, No. 15-CV-1155, 2015 WL 5475655, at *3 (E.D.N.Y. Sept. 17, 2015) (quoting *Cartier v. Sec'y of State*, 506 F.2d 191, 199 (D.C. Cir. 1974)). However, before the Court may exercise the power of mandamus, a plaintiff must show "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (citation and internal quotation marks omitted). Defendants argue that Plaintiff is not entitled to mandamus relief because Defendants do not have a peremptory duty to adjudicate visa applications within a particular timeframe, and because another adequate remedy is available under the APA. (Defs.' Supp. Ltr. Mot. to Dismiss ("Defs.' Supp. Ltr.") at 4–5, ECF No. 19.)[4] The Court agrees.

As courts in this district have routinely held, Defendants do not have a "plainly defined and peremptory duty" to adjudicate and render decisions on visa applications within a particular

---

[4] On July 9, 2024, Defendants moved for a pre-motion conference in anticipation of their motion to dismiss. (ECF No. 15.) Consistent with the Court's Individual Practices III.A.3–4, Defendants filed a letter providing a synopsis of their anticipated arguments, including relevant legal authority. (*Id.*) Plaintiff timely filed his opposition letter. (ECF No. 16.) On July 25, 2024, the Court granted Defendants' request for a pre-motion conference. (*See* July 25, 2024 Order.) However, on August 9, 2024, the Court adjourned the scheduled pre-motion conference *sine die* and advised that it would consider Defendants' motion to dismiss based on the parties' pre-motion conference submissions. (*See* August 9, 2024 Order.) The Court further directed Defendants to file a notice of motion and permitted the parties to file supplemental submissions, not exceeding five pages in length. (*Id.*)

4

timeframe. *See Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 226 (E.D.N.Y. 2021) ("Defendants clearly have a non-discretionary duty to adjudicate Plaintiffs' Form I-130 petitions at some point in time, but they have no 'plainly defined and peremptory duty' to adjudicate them within any particular time frame."); *see also Ahmed v. Bitter,* No. 23-CV-189, 2024 WL 22763, at *9 (E.D.N.Y. Jan. 2, 2024) (same); *Makinano v. Jaddou*, No. 21-CV-6800, 2023 WL 1491206, at *3 (E.D.N.Y. Feb. 2, 2023) (same). Consequently, Plaintiff does not have a "clear right" to prompt adjudication of his visa petitions. *See Almakalani*, 527 F. Supp. at 226 ("Plaintiffs do not have a clear right to an immediate adjudication . . . nor is there a statutory or regulatory right to adjudication within a specified time."). This alone defeats Plaintiff's Mandamus Act claim.

Nevertheless, even if Plaintiff could articulate a clear right to the immediate adjudication of his visa application, Plaintiff fails to allege that no other adequate remedy is available. To the contrary, Plaintiff has demonstrated the availability of at least one such alternative remedy in the instant action—an "unreasonable delay" claim under the APA. *See id.* ("[I]n the event that Plaintiffs *did* have a clear right to an immediate adjudication and Defendants *did* have a clear duty to adjudicate within a specified time frame, Section 706(1) of the APA would provide Plaintiffs with an adequate remedy." (emphasis in original)). Indeed, it is a remedy Plaintiff seeks in this very action. (Compl. ¶¶ 20–27.) The availability of an APA claim, even if Plaintiff's APA claim fails on the merits, precludes mandamus relief. *Zheng v. Garland*, No. 22-CV-6039, 2024 WL 333090, at *5 (E.D.N.Y. Jan. 29, 2024) (dismissing mandamus claim due to possible § 706(1) remedy although the remedy was "not available because of the plaintiff's particular circumstances"); *Luo v. USCIS*, No. 23-CV-1104, 2023 WL 5672041, at *3 (E.D.N.Y. Sept. 1, 2023) (explaining that mandamus relief was not available because an alternative

5

adequate remedy was possible under the APA "even though . . . Plaintiff's APA claim also fails on the merits" (citation and internal quotation marks omitted)). Accordingly, Plaintiff's Mandamus Act claim must be dismissed.[5]

## II. Failure to State a Claim

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

### A. APA Claim

Pursuant to Section 706(1) of the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Although "there is no *per se* rule as to

---

[5] Defendants also contend that the doctrine of consular nonreviewability precludes this Court from exercising subject matter jurisdiction over Plaintiff's claims of unreasonable delay under the APA and Mandamus Act. (Defs.' Supp. Ltr. at 2–3.) Not so. In *Dep't of State* v. *Muñoz*, the Supreme Court affirmed that "the doctrine of consular nonreviewability is not jurisdictional." 602 U.S. 899, 908 n.4 (2024) (citing *Trump*, 585 U.S. at 681–82); *see also Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 118 (2d Cir. 2009) ("We conclude that the District Court had jurisdiction to consider the claim, despite the [applicability of the] doctrine of consular nonreviewability."); *Esghai v. Dep't of State*, No. 24-CV-2993, 2024 WL 4753799, at *3 (S.D.N.Y. Nov. 12, 2024) ("[C]onsular nonreviewability does not require dismissal for lack of subject matter jurisdiction."). Therefore, even if the doctrine of consular nonreviewability applies to Plaintiff's claims in the instant action, this alone would not deprive this Court of subject matter jurisdiction. As such, the Court need not determine whether Plaintiff's claims are precluded under the doctrine.

6

how long is too long to wait for agency action" with respect to immigration processing, courts in this circuit have repeatedly held that delays of up to five years in adjudicating immigration applications are not unreasonable. *Ahmed*, 2024 WL 22763, at *7 ("'[D]istrict courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable.'" (quoting *Sarlak v. Pompeo*, No. 20-CV-35, 2020 WL 3082018, at *6 (D.D.C. June 10, 2020))); *see also Almakalani,* 527 F. Supp. 3d at 225 ("[C]ourts in this circuit have repeatedly found that delays of as long as five years in USCIS's adjudication of immigration benefits are not unreasonable."); *Yan Chen v. Nielsen*, No. 17-CV-7157, 2018 WL 1221130, at *2 (E.D.N.Y. Mar. 8, 2018) ("[T]he mere delay of roughly four and a half years is an inadequate ground to grant either mandamus or APA relief."); *Hoo Loo v. Ridge*, No. 04-CV-5553, 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007) (holding that a delay of over four years in adjudicating an immigration application cannot support a claim for unreasonable delay); *Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) (holding that a delay of almost five years in adjudicating an application for lawful permanent alien status was not unreasonable).

The parties disagree on how the Court should calculate the time for which Plaintiff's visa petitions have been pending. Defendants contend that the length of the delay should be calculated from June 4, 2024, the date that the petitions were deemed "documentarily complete." (Defs.' Supp. Ltr. at 3.) Therefore, according to Defendants, Plaintiff's petitions have been pending for less than one year. (*See id*.) Plaintiff argues that, because his cases were being transferred between USCIS and NVC without adjudication, the Court should instead calculate the time that the visa petitions have been pending from the date of their initial filings on September 14, 2020. (Pl.'s Supp. Ltr. in Opp'n to Mot. to Dismiss ("Pl.'s Supp. Ltr.") at 4, ECF

7

No. 18). Thus, according to Plaintiff, the petitions have been pending for approximately four and a half years. (*See id*.) The parties' disagreement is of no consequence in this case. Even assuming, *arguendo*, that Plaintiff's applications have been pending for four and a half years, the case law makes clear that such timing does not amount to an unreasonable delay.

Nevertheless, even if Plaintiff sufficiently alleged that his applications had been pending for up to five years, the mere passage of time, alone, is not sufficient to sustain a claim for unreasonable delay. *INS v. Miranda*, 459 U.S. 14, 18 (1982) ("Although the [length of time that the INS took to process respondent's application] was indeed long, we cannot say in the absence of evidence to the contrary that the delay was unwarranted."). Plaintiff maintains the burden of plausibly alleging that, other than the passage of time, the Court has a basis to conclude that the process of adjudicating his petitions has been unreasonably prolonged. *See Ahmed*, 2024 WL 22763 at *8 ("The burden is on the Plaintiff to plausibly allege unreasonable delay, and 'other than the passage of time, Plaintiff has given the court no basis on which to conclude that the process of adjudicating her petition has been unreasonably prolonged or delayed.'" (quoting *Almakalani*, 527 F. Supp. 3d at 225) (alterations omitted)).

To determine whether an agency's delay in adjudicating an application is unreasonable, courts assess six factors set forth in *Telecommunications Rsch. & Action Ctr. v. F.C.C.* ("*TRAC*"), (the "*TRAC* factors") 750 F.2d 70, 80 (D.C. Cir. 1984). These factors are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id*. (citations and internal quotation marks omitted). The *TRAC* factors are "intended to provide useful guidance in assessing claims of agency delay," and the Court need not analyze each factor to determine whether or not Plaintiff can sustain a claim for unreasonable delay. *See Ahmed*, 2024 WL 22763 at *7 (dismissing a plaintiff's claim for unreasonable delay upon consideration of the first two *TRAC* factors) (citation and internal quotation marks omitted). Indeed, the parties' arguments here only reach the fourth *TRAC* factor, which is determinative of the Court's conclusion in this case. (*See* Defs.' Supp. Ltr. at 3–4; Pl.'s Supp. Ltr. at 2–3.) Defendants argue that Plaintiff's APA claim must be denied because expediting action on Plaintiff's visa petitions would unfairly advance Plaintiff's petitions ahead of others, while producing no net gain for the agency. (*See* Defs.' Supp. Ltr. at 3.) The Court agrees.

      A court may dismiss a plaintiff's APA claim upon consideration of the fourth *TRAC* factor: "the effect of expediting delayed action on agency activities of a higher or competing priority." *TRAC*, 750 F.2d at 80. In assessing this factor, "the Court must consider whether compelling the agency to focus its attention on one case would force it to shift resources away from equally deserving applicants." *Pesantez*, 2015 WL 5475655 at *4 (citation, internal quotation marks and alterations omitted). In particular, "it is appropriate to 'refuse[] to grant relief, even though all the other factors considered in *TRAC* favor[] it, where a judicial order putting the [plaintiff] at the head of the queue would simply move all others back one space and produce no net gain.'" *Id*. (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton,* 336 F.3d 1094, 1100 (D.C.Cir. 2003)); *see also Al Saidi*, 544 F. Supp. 3d at 297 (holding that a court appropriately denied relief "where a judicial order putting the petitioner at the head of the queue would simply move all others back one space."); *Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020) ("The effect of leapfrogging Plaintiff's application to the front of the line would do nothing

9

to cure the deficiencies of the asylum application process; it would only harm other applicants, who are equally deserving of prompt adjudication."). To hold otherwise would unfairly incentivize the prioritization of visa applicants "who have the wherewithal to retain private counsel and to bring suit." *See Pesantez*, 2015 WL 5475655, at *4. Therefore, to state a claim for unreasonable delay under the APA, a plaintiff must allege that he "has been treated differently than similarly situated [applicants]" or that "officials not working on [the plaintiff]'s matters were just twiddling their thumbs." *See id*. Here, Plaintiff makes no allegation from which the Court can plausibly infer that he was treated differently than any other visa applicants in the existing queue, or that Defendants simply chose, without reason, not to adjudicate his applications. Thus, an order directing Defendants to immediately adjudicate Plaintiff's visa petitions would simply push Plaintiff's petitions to the front of the line, at the expense of similarly situated visa applicants. Accordingly, Plaintiff's APA claim for unreasonable delay must be dismissed.

### B. Fifth Amendment Claim

To sustain a Fifth Amendment due process claim, a plaintiff must allege a violation of a fundamental liberty interest that is "objectively, deeply rooted in this Nation's history and tradition." *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (citing *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)). As Defendants contend, (Defs.' Supp. Ltr. at 3), Plaintiff's due process claim fails because individuals do not have a due process right in the adjudication of a relative's visa application. *See, e.g., Muñoz*, 602 U.S. at 916 (holding that a plaintiff did not have a due process right in the adjudication of her spouse's visa application); *Plesha v. Garland*, No. 24-CV-7234, 2024 WL 5221202, at *6 (E.D.N.Y. Dec. 26, 2024) ("Citizens do not have a 'deeply rooted' constitutional right to bring their noncitizen parents to the U.S."); *Esghai v. U.S.*

10

*Dep't of State*, No. 24-cv-2993, 2024 WL 4753799, at *8 (S.D.N.Y. Nov. 12, 2024) ("[C]ase law in this Circuit . . . [has] uniformly rejected attempts to assert a due process right in the adjudication of a relative's visa application.") (collecting cases). Therefore, Plaintiff's Fifth Amendment due process claim must also be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2025

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge